# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS ALESSANDRELLI,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>MICHAEL J. ASTRUE,<br><br>　　　　　　　Defendant. | CASE NO. 08CV0004 BTM (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Nicholas Alessandrelli alleges that he became disabled as of October 8, 2000 due to various physical pain symptoms, headaches, hearing loss, and depression. (Tr. 20-21.) The Administrative Law Judge ("ALJ") denied benefits under the Social Security Act ("Act") on December 15, 2003. (Tr. 19.) On January 28, 2004, while the appeal of this decision to the Appeals Council was pending, Plaintiff filed a new application for Social Security benefits before the Florida state agency. (Id.) Plaintiff's new application received a favorable state agency determination on May 15, 2004. (Id.) The Appeals Council remanded to the ALJ to reconcile the disparate findings between ALJ's earlier decision and the state agency determination. (Id.)

After taking into consideration the favorable state agency determination, the ALJ issued a decision denying benefits on February 21, 2006. (Tr. 33.) The decision of the Social Security Administration became final when the Appeals Council denied Plaintiff's request for review. (Tr. 7–9.) Plaintiff then commenced this action, seeking judicial review under 42

1  U.S.C. § 405(g).

2      Plaintiff has filed a motion for summary judgment and Defendant has filed a cross-
3  motion for summary judgment. For the reasons discussed below, Plaintiff's motion for
4  summary judgment is DENIED and Defendant's cross-motion is GRANTED.

5

6                                      **FACTUAL BACKGROUND**

7      Plaintiff was born on December 20, 1956. (Tr. 111.) He completed college and
8  graduate education and performed past work as a chiropractor. (Tr. 125.) Plaintiff Nicholas
9  Alessandrelli alleges disability due to pain in the knee, low back, neck, and left hip,
10 headaches, and depression. (Tr. 20–21.)

11     The ALJ in this case first denied benefits on December 15, 2003. (Tr. 19.) After this
12 denial, Plaintiff filed a new application for benefits with the state agency in Florida. (Tr. 19.)
13 On April 24, 2004, as part of this application process, Dr. Ronald Kline, a medical consultant
14 to the state of Florida, completed a Physical Residual Functional Capacity Assessment. Dr.
15 Kline opined that Plaintiff could lift 10 pounds occasionally, less than 10 pounds frequently,
16 stand and/or walk less than 2 hours in an 8 hour workday, sit about 6 hours in an 8 hour
17 workday, and required an assistive device for walking. (Tr. 472–479.) The state agency's
18 positive determination of Plaintiff's application is not part of the record but Plaintiff argues that
19 it was largely based on Dr. Kline's assessment of Plaintiff's physical impairments. (Pl.'s Mot.
20 Summ. J. 9.)

21     Upon remand by the Appeals Council, the ALJ evaluated new evidence including
22 consultative examinations, updated the medical record, and also conducted a second
23 hearing. (Tr. 21-23.) William Robert Harvey, a vocational expert, testified at this second
24 hearing. The ALJ asked him what job opportunities were available for someone who could
25 do "sedentary work with a sit/stand option with a frequent limitation of crouching, kneeling,
26 prolonged standing, but capable of performing fairly complex tasks conducted primarily in a
27 seated position that does not require acute hearing and has only limited work stress. . . ."
28 (Tr. 562.) The vocational expert testified that based on these limitations, jobs such as order

clerk, surveillance systems monitor, and scale attendant are available. (Tr. 563.)

After considering the State Agency's determination and evaluating the facts *de novo,* the ALJ concluded that Plaintiff is not disabled. (Tr. 23.) The ALJ found that Plaintiff had the residual functional capacity to lift ten to twenty pounds occasionally, ten pounds frequently, required a sit/stand option, and could stand or walk several hours. (Tr. 32.) The ALJ concluded that Plaintiff could perform a significant range of sedentary work although not the full range due to other limitations. (Tr. 32-33.)

The Court does not reiterate the Plaintiff's entire medical and treatment history here because Plaintiff does not challenge the ALJ's evaluation of the medical record. Moreover, both parties stipulate to the accuracy of the summary provided by the ALJ in his opinion.

**DISCUSSION**

Plaintiff argues that the ALJ erred by (1) failing to discuss Dr. Kline's assessment in the decision and failing to explain the weight given to his assessment; and (2) failing to include in the record a copy of the state agency determination granting benefits. For the reasons set forth below, the Court rejects Plaintiff's arguments and concludes that Plaintiff has raised no ground upon which to reverse the decision of the ALJ or to remand this case.

Plaintiff contends that the ALJ violated Social Security Ruling 96-6P by failing to discuss Dr. Kline's assessment in his decision. Social Security Ruling 96-6P states that Administrative Law Judges may not ignore the opinions of medical consultants and must explain the weight given to these opinions in their decisions. Here, although the ALJ stated that he examined consultative examinations obtained as part of the State Agency determination, he did not explicitly discuss Dr. Kline's assessment or explain what weight he was giving to the doctor's opinion. As even Plaintiff himself notes, however, Dr. Kline's assessment of Plaintiff's residual functional capacity is similar to the ALJ's ultimate conclusion. The ALJ's conclusion differs from Dr. Kline's assessment only in concluding that (1) Plaintiff could lift 10 to 20 pounds occasionally instead of just 10 pounds occasionally; and (2) Plaintiff could stand or walk for several hours as opposed to just two hours.

Even to the extent that the ALJ's conclusions differed from Dr. Kline's assessment, it was Dr. Kline's more restrictive assessment that was the basis of the ALJ's hypothetical to the vocational expert.  As set forth above, the ALJ based his hypothetical on a person performing  sedentary work who would be primarily seated with a sit/stand option.  Work is generally defined as sedentary when it "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools . . . Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567 (2008).  The ALJ's  inclusion of limitations to  sedentary and primarily seated work encompasses Dr. Kline's more restrictive assessment.  Moreover, the three occupations proposed by the vocational expert in response to the ALJ's hypothetical closely match the physical demands Dr. Kline indicated that Plaintiff could meet in a work setting. The Dictionary of Occupational Titles ("DOT") gives all three positions a "sedentary" physical demands strength rating. See 1 U.S. Department of Labor, Dictionary of Occupational Titles, 180, 281, 396 (4th Ed. 1991).  The DOT further defines work earning a "sedentary" strength rating as "[e]xerting up to *10 pounds of force occasionally* (Occasionally: activity or condition exists up to 1/3 of the time) and/or a *negligible amount of force frequently* (Frequently: activity or condition exists from 1/3 to 2/3  of the time) to lift, carry, push, pull, or otherwise move objects, including the human body . . . involves *sitting most of the time*, but may involve *walking or standing for brief periods of time*." 2 id, at 1012–1013.  Dr. Kline similarly found that Plaintiff could lift 10 pounds occasionally, less than 10 pounds frequently, and should walk or stand less than 2 hours per day. (Tr. 472-479.)  Therefore, even if the ALJ did not specifically discuss Dr. Kline's assessment or explain the weight given to this assessment, it appears that the ultimate outcome would have been the same, as there were jobs available that were consistent with Dr. Kline's opinion as to the Plaintiff's residual functional capacity.

Plaintiff himself does not dispute  that he would still be found not disabled had the ALJ expressly considered Dr. Kline's opinion.  Nor does he argue that the ALJ's determination of Plaintiff's functional capacity, which was based on a thorough analysis of many physicians'

opinions, is not supported by substantial evidence. Because consideration of Dr. Kline's expert opinion would not have changed the determination, the Court finds that a remand is not necessary in this case. See Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380 (9th Cir.1983) (applying harmless error standard in a Social Security case).

Plaintiff further contends that the ALJ failed in his duty to fully and fairly develop the record of the administrative proceedings by omitting the state agency determination that found Plaintiff disabled. The Court acknowledges that "in Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.1983). Here, Plaintiff argues that the missing state agency determination is problematic because while the ALJ assumed that psychological factors were a major part of state agency's finding of disability, it appears that Plaintiff may have been found disabled due to physical impairments. The ALJ, however, examined and analyzed both the psychological and physical impairment aspects of Plaintiff's case and found that Plaintiff was not disabled on either ground. Again, Plaintiff does not argue that the ALJ's conclusion regarding either Plaintiff's psychological or physical impairments was not supported by substantial evidence. The Court therefore does not find that Plaintiff was prejudiced in any way by the fact that the actual determination itself was missing from the record, especially when, as Plaintiff admits, all the medical records and examinations conducted as part of this determination *were* included in the record.[1]

---

[1] Plaintiff also speculates that exhibits from Plaintiff's state agency application "appear" to be missing and that these exhibits could have contained a medical opinion explaining the basis for his disability determination and onset date. For the same reasons, the Court declines to reverse or remand based on the possible existence of these alleged missing records.

1  For the reasons set forth above, the Court **DENIES** Plaintiff's motion for summary judgment [Doc. No. 9] and **GRANTS** Defendant's cross-motion for summary judgment [Doc. No. 12]. The Clerk shall enter judgment for the defendant affirming the decision of the Commissioner of Social Security.

**IT IS SO ORDERED.**

DATED: October 14, 2008

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge